# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL B. WADSWORTH,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:13-cv-00401-GMN-GWF

**ORDER**

    Before the court are the second amended petition for writ of habeas corpus (#26), respondents' motion to dismiss (#34), petitioner's opposition (#38), and respondents' reply (#45). The court finds that petitioner has not exhausted all his grounds for relief, and the court grants the motion in part.

    After a jury trial in state district court, petitioner was found guilty of first-degree murder with the use of a deadly weapon. Ex. 50 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 75 (#14).

    Petitioner then filed a proper-person post-conviction habeas corpus petition in the state district court. Ex. 81 (#14). The state district court appointed counsel, who filed a supplemental petition. Ex. 96 (#15). The state district court dismissed the claims in the proper-person petition without an evidentiary hearing and determined that an evidentiary hearing was necessary for the claim in the supplemental petition. Ex. 103 (#15). After holding the hearing, the state district court denied the claim in the supplemental petition. Ex. 108 (#15). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 123 (#16).

    Petitioner then commenced this action. The court appointed counsel, who filed a first amended petition (#9) and a second amended petition (#26). Respondents' motion to dismiss (#34) followed.

## Exhaustion of State-court Remedies

    The court will take respondents' arguments out of the order of presentation and turn first to

the arguments that petitioner has not exhausted all his grounds for relief. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Respondents base their primary argument for failure to exhaust upon the second of three issues that petitioner presented in the appeal from the denial of his state habeas corpus petition. The three issues were:

I. The District Court erred in denying Wadsworth's claim that his trial counsel provided ineffective assistance of counsel, when there was no good or sound reason for counsel's choice of defense . . . .

II. The District Court erred in dismissing several properly-pled claims in the post-conviction petition for writ of habeas corpus—including the Batson challenge and the ineffective assistance of appellate counsel claim—without an evidentiary hearing, and by impermissibly adopting the State's position wholesale . . . .

III. The State presented insufficient evidence of First Degree Murder, and thus the jury erroneously convicted Wadsworth of the same . . . .

Ex. 115 at ii (#15) (citations to the Constitution omitted). Respondents argue that petitioner has not exhausted grounds 2, 3, 4, 5, 7, and parts of ground 6 because he did not present them specifically to the Nevada Supreme Court, but only raised the issue that the state district court should have held an

1  evidentiary hearing before dismissing the grounds.¹  The Nevada Supreme Court's ruling was:

> Next, appellant argues that the district court erred by summarily dismissing his other claims without holding an evidentiary hearing or making specific findings of fact or conclusions of law as to those claims.  Specifically, appellant contends that the district court's order should be reversed because the district court stated that the claims raised in appellant's proper person petition were dismissed "on motion of the State, for the reasons stated in the motion to dismiss."  We conclude that, to the extent that the district court erred by failing to set forth specific findings of fact and conclusions of law pursuant to NRS 34.830(1) and NRAP 4(b)(5)(B), appellant has failed to demonstrate that he was harmed by such error.  <u>Our review of the record reveals that the claims raised by appellant in his proper person petition were belied by the record, were rejected by this court on direct appeal and thus were barred by the doctrine of the law of the case, or failed to demonstrate actual prejudice.</u>  Furthermore, other than asserting that the district court failed to hold an evidentiary hearing or make factual findings or conclusions of law in denying these claims, appellant does not present any argument on appeal to demonstrate that the district court erred in declining to hold an evidentiary hearing on these claims.  See <u>Maresca v. State</u>, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument.").  Thus, we conclude that the district court did not err by denying the claims.

Ex. 123, at 3-4 (#16) (emphasis added).  The court of appeals has addressed a similar issue in <u>Kibler v. Walters</u>, 220 F.3d 1151 (9th Cir. 2000).  In that case, Kibler sought discretionary relief in the Washington Supreme Court.  Kibler presented one issue of ineffective assistance of counsel with specificity.  As for the other issues of ineffective assistance, Kibler only requested that the lower court should hold an evidentiary hearing on his post-conviction claims, referring to the claims in a lower-court brief.  The Washington Supreme Court denied the motion without comment.  <u>Id.</u> at 1152.  The court of appeals noted that Kibler had not stated the underlying claim of ineffective assistance of counsel with clarity, as required both by state-court rule and the exhaustion requirement of 28 U.S.C. § 2254.  <u>Id.</u> at 1153.  Consequently, Kibler had not exhausted the underlying claim.  <u>Id.</u>  Likewise, petitioner's argument in his opening brief on appeal from the denial of the habeas corpus petition contained only the legal standards for holding an evidentiary hearing in state court and the conclusion that the district court erred, without any allegations about the merits of the underlying grounds.  If the Nevada Supreme Court had not put the emphasized portion into its ruling, this court would have no trouble concluding that the issue presented to the Nevada Supreme Court failed to exhaust the grounds at issue.  However, as much as respondents argue that the emphasized portion was a review of procedural requirements, statements such as claims being belied by the record or petitioner failing to demonstrate actual prejudice indicate that

---

¹Respondents had argued that ground 1(A) is unexhausted, but then they withdrew that argument.  Reply at 12 n.7 (#45).

the Nevada Supreme Court did review the merits of the claims. Petitioner notes correctly that a claim is exhausted if the Nevada Supreme Court addresses it, even if the claim was not fairly presented to the Nevada Supreme Court. Casey v. Moore, 386 F.3d 896, 916 n.18 (9th Cir. 2004). Consequently, to the extent that petitioner did present raise the claims in the challenged grounds in his proper-person state petition, his request for an evidentiary hearing was not a failure to exhaust those grounds.

In the alternative, respondents argue that petitioner did not present some of the challenged grounds either on direct appeal or in his state habeas corpus petition. The court agrees with some, but not all, of respondents' arguments.

In ground 2, petitioner alleges that the trial court erred in denying petitioner's attempts to admit into evidence the police statements of Cisco Neal, Michael Griner, and petitioner himself, to impeach the testimony of Detective Fogarty. Regarding Cisco Neal, petitioner argued on direct appeal that he was not able to question Detective Fogarty about Neal, but that was an argument on state law, not federal law. Ex. 63, at 8-9 (#14). The proper-person state habeas corpus petition contains no allegation that the state district court prevented petitioner from further questioning Detective Fogarty about the mention of a possible second shooter in the interview with Neal. See Ex. 81 at 7-7D (#14). Petitioner did allege in the proper-person state petition:

> Petitioner's defense was, another person with a gun was a[t] the scene of the crime, "who was the chubby dude, possibly named Ace, who had a gun", who[se] bullets most probably would have matched those recovered from victim and crime scene, but the court denied the several opportunities to allow jury to learn about this evidence, and this forced Petitioner to testify regarding the chubby dude with the gun and this left testimony bare and naked without the prior discussed exculpatory evidence to support it, and the nakedness of the testimony was further stripped bare when Detective Fogarty told the jury, no evidence existed to support the Petitioner's allegations as to the chubby dude with a gun that was at the scene.

Ex. 81 at 7C (#14). However, nowhere in the preceding paragraphs did petitioner mention anything about trying to introduce into evidence the transcript of Neal's interview with the police. Regarding Michael Griner, on direct appeal petitioner alleged that Griner's interview with police was transcribed, but petitioner made no argument about Griner's statement. Ex. 63 at 6 (#14). In the proper-person state petition, petitioner alleges that the transcript of Griner's statement was provided to the trial court for the judge's review, but that counsel never marked the transcript as an exhibit or

offered the transcript into evidence. Ex. 81 at 7B (#14). This is a claim of ineffective assistance of counsel, which is legally and factually distinct from the claim in the current ground 2 that the district court denied petitioner's attempt to admit the transcript into evidence. Consequently, the parts of ground 2 regarding the interviews of Neal and Griner are unexhausted.

Ground 4 is a claim that petitioner was forced to testify because the trial court did not allow petitioner to impeach Detective Fogarty. Petitioner made a brief argument to that effect in his opening brief on direct appeal. Ex. 63, at 6 (#14). The Nevada Supreme Court then held:

> Additionally, Wadsworth argues that, but for the district court's error in limiting Detective Fogerty's questioning, he would not have had to testify because the second gunman theory would have been presented through Detective Fogerty. However, the decision to testify is a strategic decision. [Footnote 1: Comer v. Schriro, 480 F.3d 960, 987 (9th Cir. 2007) (citing Rock v. Arkansas, 483 U.S. 44, 53 (1987)).] As such, it was Wadsworth's prerogative to testify knowing the strength of the State's case. By choosing to testify, Wadsworth accepted both the risks and the rewards that accompanied his testimony.

Ex. 75, at 2 (#14). Rock held that a criminal defendant has the right to testify in his or her own defense. 483 U.S. at 49. Rock noted that this right "is also a necessary corollary to the Fifth Amendment's guarantee against compelled testimony." Id. at 52. In other words, petitioner had a constitutional right not to testify or to testify; the choice is petitioner's to make. Even though petitioner did not mention the Constitution in his brief argument, the Nevada Supreme Court recognized the constitutional implications of the argument, and thus effectively exhausted ground 4. Casey, 386 F.3d at 916 n.18.

Ground 5 is a claim that the trial court erred when it denied a proposed instruction that told the jury what to do when presented with evidence that is susceptible of two constructions or interpretations. Petitioner presented the same claim on direct appeal. The Nevada Supreme Court held that the district court could deny the instruction as long as the jury received the correct instruction on reasonable doubt. Ex. 75, at 3-4. Respondents argue that this ground should be considered unexhausted because "reasonable doubt" is a generic phrase like "due process" or "fair trial." See Hiivala, 195 F.3d at 1106. The court disagrees. It has long been a constitutional requirement that a jury must find a person guilty beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970). The reasonable-doubt instruction in Nevada has been the subject of much litigation, with the court of appeals having found it to be constitutional. See Ramirez v. Hatcher,

136 F.3d 1209, 1211-15 (9th Cir. 1998). It is hard to see how use of the phrase "reasonable doubt" in the context of a criminal trial could mean anything other than the federal constitutional standard for finding a defendant guilty. Ground 5 is exhausted.

Ground 6(D) is a claim that trial counsel provided ineffective assistance because trial counsel did not locate and present at trial witnesses who were vital for the defense. Petitioner identifies six people. The proper-person state habeas corpus petition has a citation to the general principle that counsel has the duty to investigate the case and to find witnesses for the defense, but, with one exception, petitioner did not provide any names of the witnesses that he provided in ground 6(D). See Ex. 81, at 10-10A (#14). The one exception is a woman named Beatriz Ramirez. Petitioner describes her recollection of the events. Id. at 10A. However, he does not allege anything that counsel should have done regarding her. Petitioner alleges in the federal second amended petition that trial counsel should have investigated and located Ramirez, but the Nevada Supreme Court did not have the benefit of reading the second amended petition. Petitioner has not fairly presented the issue in ground 6(D) to the Nevada Supreme Court, and the ground is unexhausted.

Ground 6(G) is a claim that trial counsel provided ineffective assistance because trial counsel did not actually seek admission into evidence of petitioner's videotaped police interview and the transcript of Cisco Neal's police interview. See Ex. 75 at 2, 3 (direct-appeal order noting that petitioner did not seek the admission of these two things) (#14). Petitioner argues that he presented this issue in his proper-person petition, Ex. 81 at 8, 8B-8C (#14). However, that is a claim of ineffective assistance of appellate counsel for poor presentation of the issues on direct appeal. The court cannot construe that claim into a claim of ineffective assistance of trial counsel. The attorneys, the court, and the actual claims are all different. Ground 6(G) is unexhausted.

Ground 7(B) is a claim of ineffective assistance of appellate counsel because appellate counsel did not challenge the sufficiency of the evidence to establish premeditation and deliberation, both elements of first-degree murder. In the appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court ruled:

///

> Finally, appellant argues that there was insufficient evidence to convict him of first-degree murder with the use of a deadly weapon because there was no evidence of premeditation and deliberation. This claim was not raised in appellant's supplemental petition and was raised in appellant's proper person petition only in the context of ineffective assistance of counsel. Thus, we need not address the insufficient-evidence claim in the first instance. See generally Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (observing that arguments not presented in district court in first instance need not be considered on appeal), overruled on other grounds by Means v. State, 120 Nev. 1001, 103 P.3d 25 (2004). To the extent that appellant's claim in his proper person petition could be construed as a separate claim of insufficient evidence, such a claim would be procedurally barred because it could have been raised on direct appeal. See NRS 34.810(1)(b)(2).

Ex. 123 at 4-5 (#16). The ground of the proper-person petition that the Nevada Supreme Court mentions does start as a claim of ineffective assistance of trial counsel. Ex. 81 at 10 (#14). The argument about the sufficiency of the evidence to establish premeditation and deliberation is at pages 10B-10C of the proper-person petition. Petitioner might have intended to allege a separate claim of insufficient evidence, because in general his proper-person petition often blended separate legal theories together. Regardless of what petitioner did raise in that ground in the proper-person petition, the proper-person petition does not contain a claim of ineffective assistance of appellate counsel for not challenging the sufficiency of all elements, particularly premeditation and deliberation, of first-degree murder. See Ex. 81 (#14). The supplemental petition also does not contain such a claim. See Ex. 96 (#15). In the appeal from the denial of the state habeas corpus petition, petitioner did try to link the issue of sufficiency of the evidence to a claim of ineffective assistance. However, that was a claim of ineffective assistance of trial counsel for choosing the defense theory that there was a second shooter, as opposed to a theory of self-defense or defense of others. See Ex. 115 at 6-15 (#15). Nowhere in that brief did petitioner argue that appellate counsel failed to raise the issue of insufficient evidence to establish premeditation and deliberation. Ground 7(B) is unexhausted.

**Procedural Default**

Respondents also argue that ground 1(B) is procedurally defaulted. Ground 1(B) is the claim that underlies ground 7(B), that the evidence was insufficient to establish premeditation and deliberation. As noted above, petitioner might have intended to raise this claim in his proper-person state habeas corpus petition. He certainly did raise the claim in the appeal from the denial of his state habeas corpus petition. The Nevada Supreme Court ruled that the claim was barred pursuant

-7-

to Nev. Rev. Stat. § 34.810 because petitioner could have raised the claim on direct appeal, but did not. Ex. 123 at 4-5 (#16).

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

The court disagrees with petitioner that the Nevada Supreme Court decided the issue on the merits in the direct appeal. The direct-appeal argument, in full, was:

> The jury should not have concluded that WADSWORTH shot the victim because of Criminalist Kevin Lattyak testimony. He testified that he could not state for certain that the bullets recovered at the scene and from the victim came from the .38 caliber Colt revolver found at the scene. Trial Transcript, Vol. V., pp. 15-16, 21-22 and 24-25. Therefore, the jury could not have reached its decision based on the testimony at trial.

Ex. 63, at 10 (#14-2). The reply brief did not address this claim. See Ex. 68 (#14-7). The Nevada Supreme Court held:

> Wadsworth next argues that there was insufficient evidence to convict him because the firearms expert could not affirmatively state that the shots fired came from Wadsworth's revolver. The firearms expert testified that the bullets recovered from the crime scene came from a Colt .38 caliber revolver. He compared the recovered bullets to the Colt .38 caliber revolver found at the crime scene. The firearms expert testified that he could not

> conclusively determine that the Colt .38 recovered from the crime scene was the murder weapon, but he also could not exclude it. Wadsworth later testified that the Colt .38 revolver was his and that he had fired the gun in the victim's direction, but that he had fired it into the ground. No other weapon was recovered from the crime scene.
>
> It is for the jury to determine the weight and credibility of the evidence. The jury apparently found credible the firearm expert's testimony, as well as Wadsworth's acknowledgement [sic] that he owned the Colt .38 found at the crime scene. Moreover, additional evidence supported Wadsworth's conviction, including eyewitness testimony placing him at the crime scene and shooting a revolver. Therefore, we conclude that the firearm expert's testimony did not render the evidence adduced at trial insufficient to support his conviction.

Ex. 75, at 4-5 (#14-14). In the petition, petitioner argues that "[t]he facts, as presented at trial, do not support any reasonable interpretation that Wadsworth had sufficient time nor reason for <u>premeditation</u> and <u>deliberation</u>." Second Amended Petition, at 10 (#26) (emphasis added). On direct appeal, petitioner challenged the sufficiency of the evidence that he fired the fatal shot. Petitioner never made the elements of premeditation and deliberation an issue on direct appeal, and the Nevada Supreme Court's ruling did not address those elements. The Nevada Supreme Court was under no obligation to create an issue <u>sua sponte</u> when petitioner made no mention of it.

The court also disagrees with petitioner's argument that the Nevada Supreme Court ruled on the merits of the claim when it considered whether the district court should have held an evidentiary hearing. Immediately after stating that it had reviewed the proper-person petition, the Nevada Supreme Court specifically stated that this claim was procedurally barred by Nev. Rev. Stat. § 34.810. The Nevada Supreme Court's alternative decision on the merits does not affect the adequacy and independence of the state ground for denying the petition. <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989); <u>Comer</u>, 480 F.3d at 964 n.6.

Finally, petitioner argues that appellate counsel provided ineffective assistance because appellate counsel failed to raise the claim on direct appeal, and that such ineffective assistance is cause to excuse the procedural default. However, that claim of ineffective assistance is the unexhausted ground 7(B), which is unable to act as cause. <u>Carrier</u>, 477 U.S. at 488-89. Petitioner will need to decide what to do with ground 7(B), and then the court can decide how to dispose of ground 1(B).

The second amended petition (#26) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See <u>Rose v. Lundy</u>, 455 U.S.

509, 521-22 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (#34) is **GRANTED** in part. Grounds 6(D), 6(G), 7(B), and part of ground 2 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 6(D), 6(G), 7(B), and the unexhausted part of ground 2, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED this 30th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court